STATE of Maine

v.

Michael A. PATTEN.

Supreme Judicial Court of Maine.

Argued Sept. 23, 1981.

Decided Oct. 30, 1981.

Wayne S. Moss, Asst. Atty. Gen. (orally), Augusta, John D. McElwee, Dist. Atty., Alan F. Harding, Asst. Dist. Atty., Houlton, for plaintiff.

Sage, Ayoob & Langley, Richard A. Langley (orally), Fort Fairfield, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

## MEMORANDUM OF DECISION.

The State appeals from a Superior Court order suppressing evidence seized by the State without a warrant. On an informant's tip, the Aroostook County Sheriff's Department seized a car driven by appellant Michael Patten, whom they believed to be transporting marijuana. The officers seized and searched a closed brown paper bag they discovered on the back seat; inside the bag, they discovered marijuana. At the suppression hearing, the presiding justice found that the warrantless stop, seizure, and search of Patten's automobile and the seizure of the brown paper bag were valid, but he found that the subsequent search of the bag was not valid without a warrant. The State contends that the automobile exception to the fourth amendment requirement of a warrant justified the search of the bag. We disagree.

This case falls squarely within the holdings of *State v. Blais*, Me., 416 A.2d 1253 (1980), and *State v. Hassapelis*, Me., 404 A.2d 232 (1979), and is controlled thereby. In those decisions we held that "although the right to seize and search an automobile establishes the right to seize a container found in the vehicle, the right to search the container itself, without a warrant, must be independently established." *State v. Blais, supra,* at 1257. *See also Robbins v. California,* —— U.S. ——, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981) (No. 80–148). On the facts of this case, the State did not show any independent exigent circumstances justifying the warrantless search of the brown paper bag.

The entry is:

Judgment affirmed.

All concurring.